UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Benjamin Hill,                                          Case No. 3:19-cv-1015

          Plaintiff

v.                                                      MEMORANDUM OPINION AND
                                                        ORDER

City of Bryan, et al.,

          Defendants

*Pro se* Plaintiff Benjamin Hill, a state prisoner, brings this action pursuant to 42 U.S.C. § 1983 against defendants City of Bryan, Bryan Police Department, Chief of Police, Patrolman Steve Doctor, and Patrolmen John Doe 1 and 2 (collectively "Defendants"). (Doc. 1).

For the following reasons, I dismiss this action.

## BACKGROUND

Plaintiff's Complaint is comprised largely of conclusory allegations regarding unspecified defendants. In addition to his § 1983 claims, Plaintiff asserts various state law causes of action. Plaintiff claims the events at issue took place on or about December 22 and 23, 2017, in Bryan, Ohio. According to the Complaint, defendant John Doe 1 arrived at a Circle K store in connection with a disturbance and questioned Plaintiff. About a half hour later, Plaintiff claims that defendant Doctor arrived and assaulted him, and later identified him at a revocation hearing in Common Pleas Court in Henry County. (*Id.* ¶¶ 1-6).

Plaintiff then alleges that a generic "defendant" assaulted him, took his cell phone without a warrant, placed him in a police vehicle and took him to the hospital where the "officers" became hostile after being questioned by nurses. At the hospital, Plaintiff informed the hospital staff that his health insurance was not effective until January 2018, and defendant John Doe 1 grabbed

Plaintiff by his coat and pushed him out of the hospital. (*Id.* ¶¶ 15-16). Plaintiff claims that defendant John Doe 1 became hostile and slammed Plaintiff's leg into the door of the police vehicle, but "Defendant Ptl Steward,[1] who attacked the Plaintiff prior to arrival at the hospital," ordered defendant John Doe 1 to stop. From the hospital, Plaintiff was transported to Corrections Center of Northwest Ohio, where he was booked and released. (*Id.* ¶¶ 19-20).

The next day, Plaintiff reported to his job at Little Caesar's. He called his grandmother for a ride home and returned to the Circle K where he went into the bathroom to cleanup and rest while waiting for his grandmother. Defendant John Doe 2 knocked on the bathroom door and arrested Plaintiff and "forced him out of the area against his will." Plaintiff was again transported to Corrections Center of Northwest Ohio where he was booked, and this time, held without bail. (*Id.* ¶¶ 21-28).

Although not identified as such, it appears that these factual allegations comprise the basis for an unnumbered Count I, in which Plaintiff claims that as a result of "their" unlawful harassment, interrogation, and physical abuse of Plaintiff, "Defendants" deprived Plaintiff of his right to equal protection of the laws in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. He seeks compensatory and punitive damages against defendants Doctor, John Doe 1, John Doe 1, and the Bryan Police Department. (*Id.* ¶ 29).

In Count II, Plaintiff alleges that "Defendants" arrested him without a warrant and without being informed as to why he was detained on December 22 and 23, 2017, depriving him of his liberty and other rights. (*Id.* ¶¶ 30-36). Plaintiff further alleges that defendant Doctor perjured himself when he testified in the "Court of Common Pleas." (*Id.* ¶¶ 37-40). Based on these facts, Plaintiff alleges that "Defendants" committed "numerous violations of rights, policy and criminal procedures" under the laws of the State of Ohio and the U.S. Constitution, and seeks compensatory and punitive damages. (*Id.* ¶¶ 41-42).

---

[1] Patrolman Steward is not listed by Plaintiff as a defendant in this action.

In Count III, Plaintiff alleges that defendants Doctor, John Doe 1, John Doe 2, the Chief of Police, and the Bryan Police Department failed to "instruct, supervise, control, and discipline" "defendant Police and Paramedics" in their duties with respect to harassment and assault of citizens, and malicious arrest, imprisonment, and prosecution of citizens. He claims that "Police officers and City officials" had knowledge of the conduct alleged herein and had the power to prevent it but failed to do so in reckless disregard or deliberate indifference to Plaintiff's rights, and "approved or ratified" the alleged unlawful conduct, all in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiff does not specify the amount of compensatory and punitive damages he seeks. (*Id.* ¶¶ 43-46).

In addition to monetary damages, Plaintiff seeks a declaration that the conduct described in the Complaint violated his constitutional rights. (*Id.* ¶ 47).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

**ANALYSIS**

3

"In order to plead a federal cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Tate v. Comrie*, No. 5:16CV3090, 2018 WL 1409288, at *4 (N.D. Ohio Mar. 21, 2018) (emphasis removed) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citations omitted)); *Waters v. City of Morristown, TN*, 242 F.3d 353, 358-59 (6th Cir. 2001) (same) (citation omitted).

### A. Claims barred by *Heck, Younger, Rooker-Feldman,* and *Preiser*

Plaintiff alleges in connection with the events at issue here that he was twice arrested and charged. (Doc. 1 ¶¶ 20, 28). He provides no further information regarding the outcome those two criminal cases except to say that defendant Doctor's claims regarding the events at issue were found to be "erroneous and vacated by the Bryan Municipal Court after Hill vs State was decided in the Williams County Court of Appeals." (*Id.* ¶ 38). Beyond this vague statement regarding the status of one of the criminal cases, he provides no further information in the Complaint regarding the status or outcome of the state criminal cases.

Plaintiff repeatedly alleges that "Defendants" acted without a warrant, lacked reasonable grounds to arrest him, and unlawfully entrapped and interrogated him. (See *id.* ¶¶ 10, 29, 31, 32). To the extent that the criminal proceedings referred to in the Complaint have been concluded, and success on Plaintiff's claims in the instant action would call into question the validity of those proceedings, Plaintiff's claims are not cognizable under § 1983 unless he has succeeded in having any resulting conviction or sentence invalidated or called into question by a federal habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff has not sufficiently alleged that the two criminal cases brought against him have been so invalidated or called into question. Therefore, Plaintiff's claims challenging the validity of any conviction or sentence cannot be brought pursuant to § 1983 – his sole federal remedy is habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 599 (1973).

To the extent that Plaintiff's Complaint attacks ongoing state proceedings, I must abstain from interfering with those state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). And to the extent that this action amounts to an appeal of those state court proceedings, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because appeals of state court judgments can only be made in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 412 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To the extent that Plaintiff's claims are not barred by *Heck*, *Younger*, or *Rooker-Feldman*, his claims are nevertheless subject to dismissal for the reasons that follow.

### B. Bryan Police Department is Dismissed

Defendant Bryan Police Department is not *sui juris* and, therefore, not a legal entity capable of being sued. *See Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006) (the Police Department is not a juridical entity subject to suit under Ohio law) (citation omitted); *Elkins v. Summit Cty., Ohio,* No. 5:05–cv–3004, 2008 WL 622038, at *6 (N.D. Ohio Mar.5, 2008) ("[a]dministrative units of a local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority," which has not been granted in Ohio).

Therefore, Plaintiff's claims against the Bryan Police Department are not legally plausible, and I dismiss the Bryan Police Department from this action pursuant to § 1915(e)(2).

Claims against the administrative units of a governmental entity are construed as claims against the governmental entity itself. Therefore, I construe Plaintiff's claims against Bryan Police Department as against the City of Bryan.

### C. City of Bryan is Dismissed

Governmental entities may not be sued under 42 U.S.C. § 1983 for an injury inflicted by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. In order to state a plausible § 1983 claim against a governmental entity, "a plaintiff must 'identify the policy, connect the policy to the [governmental entity] itself and show that the particular injury was incurred because of the execution of that policy.'" *Jordan v. City of Detroit*, 557 F. App'x 450, 454 (6th Cir. 2014) (quoting *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)).

In this case, Plaintiff makes the following allegation concerning governmental liability for the actions of administrative units and employees: "the City of Bryan, acting … pursuant to policy, procedure, and official customs, city officials did knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis defendant Police and Paramedics in their duties to refrain from [violating Plaintiff's constitutional rights]." (Doc. 1 ¶ 43). Beyond this non-specific conclusory statement, Plaintiff fails to identify any specific custom or policy of the City of Bryan – or of Williams County where the City of Bryan is located – concerning any alleged constitutional violations or show how any such custom or policy caused the claimed violations.

Accordingly, Plaintiff fails to state a plausible claim against City of Bryan, and I dismiss those claims pursuant to § 1915(e)(2).

**D. Bryan Police Chief is Dismissed**

Plaintiff sues the Bryan Police Chief in his individual and official capacitty. (See Doc. 1 ¶ 9). "An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 356 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, Plaintiff's official capacity

claims against the Chief are equivalent to claims against the City of Bryan, which I have addressed and dismissed, *supra*.

Plaintiff claims that defendant Bryan Police Chief, in his individual capacity, failed to train and supervise his subordinates resulting in the violation of Plaintiff's constitutional rights. (*See* Doc. 1 ¶¶ 8, 43-44). As an initial matter, *respondeat superior* is not a proper basis for liability under § 1983. *Monell*, 436 U.S. at 691. A section § 1983 failure to supervise and train claim cannot be based upon a supervisor's mere right to control employees or awareness of an employee's misconduct. *See Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Beyond Plaintiff's conclusory allegation that the Chief failed to train and supervise his subordinates, "approved and ratified" their conduct, and is "responsible" for his subordinates, there are no factual allegations in the Complaint from which I may infer that the Bryan Police Chief authorized, approved of, or knowingly acquiesced in the alleged unconstitutional conduct of his subordinates. *See Hays*, 668 F.2d at 874. The mere right to control, without any allegation that direction and control was exercised with respect to the alleged unconstitutional conduct, is not enough to support § 1983 liability. *Monell*, 436 U.S. at 694 n.58 (citation omitted).

Nor are Plaintiff's numerous generic references to "Defendants" sufficient to support a plausible claim that the Bryan Police Chief himself was responsible for the claimed unconstitutional conduct alleged in the Complaint. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery

7

under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Mich.* 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged deprivation of federal rights).

Accordingly, Plaintiff fails to state plausible § 1983 claims against the Bryan Police Chief, and I dismiss those claims pursuant to § 1915(e)(2).

### E. Police Officers Doctor, John Doe 1, and John Doe 2 are Dismissed

Plaintiff sues defendant police officers in their individual and official capacities. Official capacity claims against the City of Bryan police officers are equivalent to claims against the City of Bryan, which I have already addressed and dismissed. *Claybrook*, 199 F.3d at 356 ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents.").

With respect to his individual capacity claims, Plaintiff's numerous generic allegations against unspecified "defendants" and "officers" are insufficient to support a plausible § 1983 claim against defendants Doctor, John Doe 1, or John Doe 2. *See Gilmore*, 92 F. App'x at 190; *Frazier*, 41 F. App'x at 764. Plaintiff's only specific factual allegations against Doctor are that he "maliciously, intentionally assaulted, and physically abused" Plaintiff and that Doctor committed perjury (Doc. 1 ¶¶ 5, 37).

Plaintiff's only specific allegations against defendant John Doe 1 are that he questioned Plaintiff, became irritable when he was questioned by hospital staff, grabbed Plaintiff by the coat and pushed him out of the hospital, attempted to escalate the unlawful detainment of Plaintiff, and slammed Plaintiff's leg into the door of the police vehicle. (*Id.* ¶¶ 2, 14, 16-19).

With respect to defendant John Doe 2, Plaintiff specifically alleges that John Doe 2 knocked on the door of the bathroom at the Circle K, arrested Plaintiff without provocation or need,

8

grabbed Plaintiff by his coat and forced him from the area against his will, and would not listen to Plaintiff's explanation that he as waiting for a ride home. (*Id.* ¶¶ 24-27).

These allegations, on their face, do not allege plausible constitutional violations[2] or are not cognizable § 1983 claims, or both, for the reasons set forth above. *Iqbal*, 556 U.S. at 67 (in order to state a plausible claim for relief, plaintiff must offer more than conclusory statements and

---

[2] To the extent that Plaintiff is alleging excessive force claims against defendant Doctor, John Doe 1, or John Doe 2, he fails to state a plausible claim for relief and those claims are dismissed pursuant to § 1915(e)(2)(B). When an excessive force claim arises in the context of an arrest or investigatory stop, it is most properly characterized as one invoking the protections of the Fourth Amendment. *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 771 (E.D. Mich. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Such claims are analyzed under the Fourth Amendment's reasonableness standard. *Id.* (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). "At a minimum, 'under the Fourth Amendment's reasonableness standard, excessive force claims generally require at least de minimis physical injury.'" *Youngblood v. City of Paducah*, No. 5:15-CV-00060-TBR, 2016 WL 2643030, at *4 (W.D. Ky. May 6, 2016) (quoting *Rodriguez v. Passinault*, 637 F.3d 675, 687 (6th Cir. 2011)). "The point of the de minimis rule is to make it clear that the Constitution does not become a 'font of tort law' that the federal courts 'superimpose[ ] upon whatever systems' the States already have." *Leary v. Livingston Cty.*, 528 F.3d 438, 445 (6th Cir. 2008) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "Otherwise, every minor touching would become actionable, blurring the lines between the state courts' enforcement of their tort laws and the federal courts' enforcement of the Constitution." *Id.* Plaintiff alleges that Doctor assaulted him, John Doe 1 slammed his leg into the door of the police car, and John Doe 2 grabbed him by his coat and forced him from the area. But beyond these conclusory statements, Plaintiff makes no allegation of any resulting physical effect or injury and, therefore, fails to nudge his excessive force claim across the line from conceivable to plausible. *Twombly* 550 U.S. at 570 (to state a claim for relief plaintiff must allege enough facts to nudge his claim across the line from conceivable to plausible). *See also Youngblood*, 2016 WL 2643030, at *4 (Youngblood's excessive force claim during the course of an arrest "must fail because she has not alleged even a de minimis physical injury.") (citing *Graham*, 490 U.S. at 396 ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.")); *Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *9 (E.D. Tenn. Nov. 4, 2009) ("[T]he Court finds that the slight injuries that Smith may have incurred during his arrest, perhaps a few minor bruises and skin abrasions, are de minimis and do not support a claim for money damages under 42 U.S.C. § 1983 and the Fourth Amendment.") (citation omitted).

"defendant-unlawfully-harmed me accusations"). Accordingly, I dismiss Plaintiff's claims against defendants Doctor, John Doe 1, and John Doe 2 pursuant to § 1915(e)(2).

**F. Plaintiff's State Law Claim are Dismissed without Prejudice**

Plaintiff's state law tort claims include intentional infliction of emotional distress, negligence, and assault and battery. (Doc. 1 at 4). A district court may decline to exercise supplemental jurisdiction over state law claims when the claims supporting original jurisdiction are dismissed. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. (Doc. 1 at 5). Federal diversity jurisdiction pursuant to § 1332 exists when the amount in controversy exceeds $75,000.00 and when there is complete diversity between the Plaintiff and the Defendants. That is, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

A plaintiff asserting diversity as a basis for federal subject matter jurisdiction must allege the citizenship of each party, not merely the residence of each party because residence and citizenship are not synonyms for the purpose of determining diversity jurisdiction under § 1332. *See Medline Diamed, LLC v. Libassi*, No. 5:10-CV-02906, 2010 WL 5463831, at *2 (N.D. Ohio Dec. 29, 2010) (for the purpose of diversity jurisdiction, a person is a citizen of the state where he is domiciled and domicile is not synonymous with residence) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989); *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1988)).

Plaintiff alleges that he is a legal resident of the State of Michigan but does not allege his citizenship or the citizenship of any of the defendants. The burden of establishing federal subject matter jurisdiction rests on the party seeking the federal forum, and it is Plaintiff's obligation to allege the citizenship of each party. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). This Plaintiff

has failed to do and, therefore, has failed to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

I have dismissed all of Plaintiff's federal claims brought pursuant to 28 U.S.C. § 1331. Having dismissed all of Plaintiff's federal claims, and there being no other basis for federal subject matter jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (when all federal law claims are dismissed before trial, the balance of considerations usually point to dismissing the state law claims) (collecting cases).

## CONCLUSION

For the reasons stated above, I dismiss Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e). I dismiss Plaintiff's state law claims without prejudice.

Plaintiff's motion for a 60-day extension of time to file a traverse is denied. (Doc. 5).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge